THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BENJAMÍN COLÓN SANTIAGO, known as "Chaleco," Defendant and Appellant.

No. 16350.  Submitted March 31, 1959.—Decided May 14, 1959.

322

*José C. Mendía* for appellant. *Hiram R. Cancio, Secretary of Justice (Francisco Espinosa, Acting Secretary of Justice* on the brief), *Arturo Estrella, Assistant Attorney General,* and *William Fred Santiago, Acting Fiscal of the Supreme Court,* for appellee.

PER CURIAM.

■■ The Superior Court, Ponce Part, sentenced the defendant to serve from 10 to 12 years' imprisonment in the penitentiary for an offense of burglary in the first degree (subsequent offense). The defendant alleges in his appeal that "the court committed an error of law in sentencing the appellant for the offense of burglary in the first degree since not *all the elements* of the offense of burglary of the first degree were proved *with extraneous evidence, alien* to the confession; in other words, the corpus delicti of the offense of burglary in the first degree was not proved."

Appellant is not right. In *People* v. *Hernández,* 75 P.R.R. 852, 860 (1954), we analyzed the problem carefully and said:

"Under the orthodox definition the term *corpus delicti* means that a specific kind of injury or loss has been sustained as in homicide for example, a person deceased; in arson, a house burnt; in larceny, property missing. However, in their decisions the majority of the judges have included in that term the second element, that is, that the injury or loss was caused by somebody's criminality. A third view, indeed, too absurd to be argued with, includes the third element also, *i. e.* the accused's identity or agency as the criminal. By this view, the term *corpus delicti* would therefore by synonymous with the whole of the charge . . . .

"This Court has not accepted the orthodox sense of that term, nor has it included in the same, the third element. On the contrary, for some time we have now been holding that the *corpus delicti* is integrated by the first two elements, and that therefore, in order for it to be established the evidence must tend to show: (1) that a specific kind of injury or loss has been sustained, and

(2) that somebody's criminality has been the source of the loss. We have accepted the definition given by the jurisprudence that 'corpus delicti "the body or substance of the crime'" means, as applied to a particular offense, the actual commission by someone of the particular crime charged'."

In the case at bar, Eusebio Ortiz Alicea testified that on the night of November 13, 1956 he had put away his automobile in the garage of his home and that on the following day he discovered that someone had forced the door of the garage, had opened his automobile, had broken a small box which he had in the vehicle and had taken the sum of $11.00. There is, then, evidence of the corpus delicti apart from the defendant's confession and therefore, the court did not commit the alleged error.[1]

However, the Fiscal of this Court, for the worthy purpose of insuring a spotless proceeding calls our attention to a probable commission of an error by the lower court. Since in this case none of the elements[2] outlined in People v. Archeval, 74 P.R.R. 478, 482 (1955) were present, and further-

---

[1] "In this case the proof of the corpus delicti arises from the testimony of the prosecuting witness, to the effect that he had a trunk under his bed containing his clothes and two hundred and fifty dollars in cash, and that the trunk together with its contents had disappeared from his home. Since the injured person did not dispose of the trunk in any manner, we must conclude that its disappearance was due to the act of a criminal agent, who at some time during the day or the night, broke into the house and stole it. As stated in Underhill's Criminal Evidence (4th ed.), § 37, p. 45, the corpus delicti may be proved by circumstantial evidence from which the jury may reasonably infer that a crime has been committed." People v. Declet, 65 P.R.R. 22, 24 (1945).

[2] "The general rule is to the effect that in criminal prosecutions the defendant may not be tried for any offense other than that charged in the information and that, therefore, evidence of other offenses committed by the defendant is inadmissible. . . . By exception, evidence of other offenses is admissible when the former offense is a material fact to establish the commission of the crime charged, or when it is a part of the res gestae or when said evidence is presented to show motive, intent, premeditation, malice or a common plan, or when both offenses form part of the same transaction." Also, and as decided in the said Archeval case, the district attorney's questions about such crimes, made during the cross-examination of the defendant, are admissible to show that "his conduct in the past is contrary to and inconsistent with his previous testimony." (P. 483.) It

more, the defense had admitted the allegation of subsequent offense, in accordance with our decisions the jury could not be informed of former offenses committed by the defendant. We stated in *People* v. *Beltrán*, 73 P.R.R. 466, 475 (1952) that in such cases, since the jury did not have to decide on the plea of subsequent offense, upon the judge delivering to them a copy of the information the proper thing was to "strike therefrom the allegation referring to the previous offense, inasmuch as otherwise it might have been confusing to the jury." And in *People* v. *González*, 80 P.R.R. 203, 205 (1958) we confirmed the said doctrine and indicated that the action of the trial judge was not proper thereunder in ordering that the part of the information related to the subsequent offense be covered with a paper. We wish to make clear once and for all that the only manner of complying with the said requirement is by delivering to the jury a copy of the information in which the allegations related to former offenses do not appear. The use of strike-overs, erasures, staples, gummed paper or any other method of concealing said allegations which is not the one already described, does not comply with the purpose of the rule. It is evident that such methods rather constitute ways of drawing the attention of the jury towards what is sought to be kept away from them and that once its use is generalized, everyone will know what lies underneath, without need of being told. In view of the fact that in this case the judge ordered that the "subsequent" allegations appearing in the copy of the information which was delivered to the jury be covered with gummed paper, it is clear that the doctrine established by our case law was not followed.

██ It is necessary, besides, to clarify another point. In the defendant's confession, which was admitted in evidence

---

is known, furthermore, that evidence on a former conviction of a felony can be used to challenge the credibility of a witness. 34 L.P.R.A. § 723; *People* v. *Archeval, supra* at 483–85; 3 Wigmore, Evidence (3d ed.), 378–382, §889.

after its voluntariness was established, the following is set forth:

"Have you been convicted of these crimes? "Yes, I was convicted in Ponce of another crime of this nature. I served in the penitentiary for it."

The clerk of the court read this confession in front of the jury and in addition the latter was furnished with a copy thereof which included the above-transcribed passage. The jury had before it, and obviously had to consider, the fact that the defendant had been formerly convicted of a similar crime. And should the jury not have known of the former offense until that moment, the psychological impact of that disclosure would not have been dispelled by an instruction of the judge —regardless of how clear, as it was in this case—to the effect that the jury should not take into consideration the former offenses upon deciding the conflict in the evidence and determining the guilt of the defendant.

We said in *People* v. *González, supra,* at 204:

"The rule is that in proving a confession the prosecution may introduce that part of the confession which indicates that the defendant has committed another separate offense, where such admission is inseparably connected with the commission of the offense charged; but when the statements admitting the commission of a different offense can be separated from those relating to the offense charged, only those statements which are material to the crime charged should be received in evidence . . . ." In the case at bar, like in that of *González,* the defendant's admission as to having committed another former offense had no relation whatever with the crime for which he was being tried.

In short, when the defendant in a prosecution for a subsequent offense admits the former conviction at the arraignment or at the commencement of the trial but in absence of the jury, and the exceptions stated in *People* v. *Archeval* and *People* v. *González, supra* are not pertinent, the court must

prevent the jury from learning of the former offense. If that fact is set forth in a document, the jury must be furnished with a copy in which it is not mentioned, using the procedure that we have indicated as to the information. If it appears in oral statements, no matter whom they come from, they must be absolutely prohibited.

■ However, the judgment appealed from shall not be reversed. The stenographic record shows that it was in the presence of the jury, and after having read the complete information to the latter, that the defense admitted the allegation of subsequent offense.

"Hon. Judge:
Is the jury accepted? Final oath. The ladies and gentlemen of the jury who have not been called to act in this case are all excused until tomorrow morning at nine o'clock. They may retire if they so wish. Arraignment. (The clerk reads the information.)
Defense:
May it please the court. We understand that the subsequent offense was accepted at arraignment.
Hon. Judge:
It does not appear in the record.
District Attorney:
What was accepted?
Hon. Judge:
To accept the allegation of subsequent offense at arraignment.
Defense:
It is accepted, and as to the crime with which he was charged, the defendant ratifies his plea of not guilty.
Hon. Judge:
Witnesses of both sides."

We have examined the transcript of the minutes which refers to the arraignment and it does not show that at that moment the defendant accepted the allegation of subsequent offense. Consequently, the jury had from the very beginning of the proceeding, and by express admission of the defense, knowledge of the said allegation and of its acceptance by the

defendant. It was then completely unnecessary to take any furthers steps to keep the jury from learning about those facts.

The judgment appealed from will be affirmed.